CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 8 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WANDA U. TINSLEY, | Civil Action No. 7:09CV00427 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Hon. Glen E. Conrad Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Wanda U. Tinsley, was born on April 28, 1950 and eventually completed her high school education. Plaintiff has worked as a jewelry representative, retail manager, retail sales clerk, and stock clerk. She last worked on a regular basis in 2002. On April 20, 2004, Mrs. Tinsley filed applications for disability insurance benefits and supplemental security income benefits. An earlier application for benefits had proven unsuccessful. In filing her second application, plaintiff alleged that she became disabled for all forms of substantial gainful employment on March 1, 2000 due to bad chest pain and inability to stand for long periods. Mrs. Tinsley now maintains that she has

remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2004, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2004. See gen., 42 U.S.C. § 423(a).

Mrs. Tinsley's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 25, 2005, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Tinsley suffers from essential hypertension, hiatal hernia, and mild to moderate degenerative disc disease of the lumbar spine. Despite these impairments, the Law Judge held that plaintiff retains sufficient functional capacity to return to her past relevant work as a jewelry representative and retail sales manager. Accordingly, the Law Judge ultimately concluded that Mrs. Tinsley is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Tinsley has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence

of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

Mrs. Tinsley has an extensive medical history. Over the years, she has been treated for hypertension, pancreatic calcification symptoms, upper abdominal pain, type II diabetes mellitus, hyperlipidemia, mild to moderate spondylosis, gastroesophageal reflux disease with hiatal hernia, pericardial cyst, and osteoarthritis with possible fibromyalgia. As previously noted, the Law Judge determined that plaintiff suffers severe impairments on the bases of her hypertension, hiatal hernia, and degenerative disc disease of the lumbar spine. Despite these impairments, the Law Judge determined that Mrs. Tinsley retains sufficient functional capacity to perform the light levels of physical exertion required in her past jobs as a jewelry representative and retail sales manager.

On appeal to this court, plaintiff argues that the Administrative Law Judge's opinion is flawed in two respects. First, Mrs. Tinsley maintains that the Administrative Law Judge failed to properly evaluate her complaints of pain and subjective limitation. As a second and somewhat related issue, plaintiff asserts that the Law Judge failed to provide specific reasons for rejecting her testimony as to the existence of totally disabling pain and physical discomfort. However, the court finds that the Administrative Law Judge gave adequate consideration to plaintiff's complaints of pain and subjective discomfort, and that the Law Judge properly considered plaintiff's testimony at the administrative hearing. Indeed, the court believes that the Administrative Law Judge's opinion reflects thorough consideration of all of the relevant factors in Mrs. Tinsley's case. Accordingly, plaintiff's motion for summary judgment must be denied.

As an alternative disposition, Mrs. Tinsley seeks remand of her case to the Commissioner for consideration of evidence developed in connection with a later application for supplemental security income benefits. It seems that while her application of April 20, 2004 was still being adjudicated by the Commissioner, Mrs. Tinsley filed a new application for supplemental security income benefits in February of 2006. During the course of adjudication of the new application, the Commissioner determined that plaintiff was disabled for anything more than sedentary levels of exertion, and that the medical vocational guidelines directed a determination of disabled as of the date of her protective application for supplemental security income benefits, February 1, 2006. Noting that this disability onset date is only about four months after the date of the Law Judge's decision in the instant case, plaintiff argues that the medical record upon which the Commissioner made the later finding of disability should be deemed relevant to the issue of disability in the case currently before the court.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

The court is constrained to agree that the unusual circumstances of Mrs. Tinsley's case support a finding of "good cause" for remand of the case to the Commissioner for additional consideration. At the outset, the court rejects the proposition or suggestion that the Commissioner is in some way estopped from denying plaintiff's entitlement in the instant case merely because the medical vocational guidelines operated so as to establish entitlement for purposes of the latest application. The simple fact is that all of the operative factors which must be considered for purposes of the medical vocational guidelines were not necessarily in play during the period of time adjudicated by the Commissioner in the instant case. On the other hand, the court finds that one of the medical reports developed during the adjudication of the most recent claim for supplemental security income benefits does appear to be relevant to the question as to when Mrs. Tinsley became disabled for all forms of substantial gainful employment.[1]

It seems that during the adjudication of Mrs. Tinsley's most recent application for supplemental security income benefits, the Commissioner arranged for a consultative medical evaluation by Dr. William Humphries. Dr. Humphries saw Mrs. Tinsley on April 13, 2006. Dr. Humphries noted relevant physical findings as follows:

> BACK: Range of motion is severely reduced due to pain in the entire thoracic and lumbar region. These areas are tender to palpation in the paraspinous muscle regions. There is no significant kyphosis. No scoliosis. No paravertebral muscle spams. Straight leg raise is positive to about 60 degrees sitting bilaterally, and there is radicular type of pain down the glutei and both posterior hamstring region on this maneuver.

---

[1] In passing, the court notes that it is of no consequence that, for purposes of the latest application for supplemental security income benefits, the Commissioner found that Mrs. Tinsley became disabled for all forms of substantial gainful employment on February 1, 2006. Under 20 C.F.R. § 416.335, it is provided that a claimant may not receive supplemental security income benefits for any period of time prior to the date of application for such benefits. Thus, the finding that plaintiff became disabled on February 1, 2006, the date of her protective application, does not, in and of itself, indicate a finding of the adjudicator that she was not disabled at an earlier point in time.

> EXTREMITIES: The joint range of motion of upper extremities is reduced in both shoulders due to shoulder pain, within normal limits in both elbows and wrists, and slightly reduced in both hands due to hand discomfort. Wrists, hands, elbows, and shoulders are tender to palpation. Also, there is diminished shoulder motion. There is minimal synovial thickening of some of the IP joints in some of the fingers of each hand. The lower extremity joint range of motion is severely reduced in both hips and knees due to low back pain, groin pain and quadriceps pain, and within normal limits in both ankles. There is some mild synovial thickening of the first MTP joints and some of the IP joints in the toes of both feet.
>
> The lower extremities revealed no significant venous stasis changes. There are a few small superficial spider veins. No edema. No ulceration. Dorsalis pedis pulses and posterior tibials are 1+ and equal.
>
> NEUROLOGICAL: Coordination: She gets on and off the table slowly using her hands and with assistance of the examiner. Grip is reduced bilaterally to about 2/5 due to hand discomfort. Radial, median and ulnar nerve function revealed at flicker of function in all these areas, but there is diminished motor function due to discomfort on these maneuvers. The finger-nose test is performed poorly. She appears not to attend to many of the directions throughout the exam and when she does, she performs the activities poorly with a question of cooperation. There are no tremors or involuntary movements. Romberg is borderline positive. There is some wobbling, but she does not fall. Fine manipulation is performed adequately bilaterally but slowly. Gait is about 50% normal pace and slightly wide-based but functional. She either cannot or will not heel or toe walk at the request of the examiner even with assistance for balance indicating discomfort in both lower extremities. She is able to bear weight briefly on each leg. Strength appears to be within normal limits in all four extremities, but this could not be confirmed on actual cooperative testing. There is no specific muscle wasting. DTRs are trace to 1+ and equal in both upper extremities, 1+ knees, 1+ right ankle, and absent left ankle. There is no specific motor or sensory loss of extremities.

(Pl.'s Mem. Ex. 4, at 2-3). Among other diagnoses, Dr. Humphries listed multiple myalgias and possible fibromyalgia, mild degenerative joint disease in both hands and feet, possible degenerative joint disease in the knees and shoulders, and chronic lumbar strain. Dr. Humphries opined that plaintiff would be limited to a combination of sitting, standing, and walking for six hours in an eight hour workday, and to lifting 25 pounds occasionally and 10 pounds frequently. Apparently based

6

largely on Dr. Humphries' report, the Commissioner determined that Mrs. Tinsley was disabled for anything more than sedentary exertion, at least as of February 1, 2006.

The court concludes that there is "good cause" for remand of this case to the Commissioner for consideration of Dr. Humphries' report. In terms of the <u>Borders</u> factors, the court notes that plaintiff has submitted Dr. Humphries' report to the court so there can be no question as to its nature. Moreover, the new report was generated at the behest of the Disability Determination Services, and was available to the Commissioner at all times. Dr. Humphries conducted his examination only a few months after the date of the Commissioner's final decision in the instant case. Furthermore, in his report, Dr. Humphries stated that plaintiff has suffered from her problems for "at least three or four years" and that her fibromyalgia was diagnosed about three years earlier. (Pl.'s Mem. Ex. 4, at 1). Thus, the court finds that Dr. Humphries' report relates back to the period of time adjudicated by the Commissioner in the instant case.

Finally, and perhaps most importantly, the court believes that consideration of Dr. Humphries' report might reasonably result in a different disposition in this case. Dr. Humphries compiled an earlier report which was considered and cited by the Administrative Law Judge in denying the application currently before the court. In that earlier report, Dr. Humphries produced a functional capacity assessment which supported a finding of residual ability to perform light levels of exertion. (TR 216). Dr. Humphries' earlier report was completed on April 22, 2003. Thus, in comparing and contrasting the two reports from the same consultative physician, it would appear that Mrs. Tinsley experienced a substantial deterioration in her physical status during the three years between April of 2003 and April of 2006. The court also notes that if it was determined that Dr. Humphries' later findings applied during the period prior to the Commissioner's final decision in the instant case, the

sequential disability evaluation would proceed to the fifth and final stage of the sequence, inasmuch as the vocational expert testified that all of plaintiff's past work roles required performance of at least light levels of exertion. (TR 50). Thus, it would appear that consideration of Dr. Humphries' later report might well result in a different administrative disposition in Mrs. Tinsley's case. The court finds that there is "good cause" for remand of the case to the Commissioner for consideration of Dr. Humphries' second report in combination with his first.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record and new evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present further evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 28th day of July, 2010.

*James Conrad*
Chief United States District Judge